HEIRS OF JOSÉ SÁNCHEZ GARCÍA ET AL., Plaintiffs and Appellants, *v.* LA MERCANTIL B. FERNÁNDEZ & HNOS., SUCESORES, *S. en C.*, Defendant and Appellee.

No. 11712. Submitted April 3, 1959.—Decided June 28, 1961.

---

Francisco Acevedo for appellants. L. E. Dubón, R. García Cintrón, and A. Torres Braschi for appellee.

Mr. Justice Belaval delivered the opinion of the Court.

This is a summary judgment rendered by the Superior Court of Puerto Rico, San Juan Part, on February 10, 1954, dismissing a complaint on the ground that "neither the Sociedad Mercantil B. Fernández Hnos., Sucrs., S. en C., organized by deed No. 147, executed on May 16, 1929 before Notary Damián Monserrat Suro, as a mortgagee, nor the Sociedad B. Fernández Hnos., Sucrs., S. en C., organized by deed No. 94, executed on May 31, 1932, before Notary Damián Monserrat Suro, which in its character of liquidator of the former, filed a summary proceeding against the mortgagor José Sánchez García, to foreclose the mortgage executed in its favor, is the same Sociedad Mercantil 'B. Fernández Hnos., Sucrs. S. en C.,' defendant herein, which was constituted by deed No. 14, executed on May 24, 1952 before Notary Luis E. Dubón, nor is this partnership a liquidator of the above-mentioned ones or of any one of them," and that "pursuant to the provisions of § 147 of the Code of Com-

merce, from the time the partnership is declared in liquidation, the authority of the managing members to make new contracts and operations shall cease, their powers being limited as liquidators to collecting the credits of the partnership, to extinguish the obligations previously contracted, as they fall due, and to the consummation of pending transactions."

The evidence introduced before the trial court in order to dispose of this case summarily consisted of certain documents, almost all of which refer to the different constitutions and dissolutions of the mercantile partnership B. Fernández Hnos., Sucesores, *S. en C.* The documents in the present case placed in chronological order, show the following facts:

By deed No. 200 of May 15, 1924, before Notary Damián Monserrat Suro, the mercantile partnership B. Fernández Hermanos, Sucesores, *S. en C.*, was constituted for a four-year term (t. 37), which was extended for one more year by deed No. 124 of April 14, 1928, before Notary Damián Monserrat Suro.

By deed No. 147 of May 16, 1929, the afore-mentioned partnership was dissolved and another was constituted in order to succeed the same in its businesses and operations (t. 35), it having been agreed for such purpose: "That the parties declare the Sociedad Mercantil B. Fernández Hermanos, Sucesores, *S. en C.*, dissolved and in state of liquidation, because the extension limit thereof expired on April 15 of this year, and they approve of all the acts and steps taken by the managing partners . . . relieving them from every responsibility, so that they may engage in whatever trade or business is most convenient to them" and "in order that it may succeed the dissolved partnership as to its business, commerce and trade, and so that it may take charge of its liquidation, the parties have agreed to constitute a new partnership, and they put it into effect and constitute

it in the manner and under the terms of the contract which they execute . . . ." (t. 38–39) for which purpose they "constitute a mercantile partnership under the firm name of B. Fernández Hermanos, Sucesores, *S. en C.*" (t. 39) with "a capital of one hundred thirty thousand dollars in cash, merchandise, credits, property, and accounts from the one previously dissolved" (t. 41). The fifteenth clause of said deed reads as follows: "The interested parties in the dissolved mercantile partnership B. Fernández Hermanos, Sucesores, *S. en C.*, designate as liquidator thereof the partnership which under the same firm name of B. Fernández Hermanos, Sucesores, *S. en C.* is constituted under this contract, and they confer authority and power to the aforementioned liquidator, *so that it shall be in charge of the assets and liabilities of the dissolved partnership*, collect the credits in its favor and pay its debts, dispose of the stock, make transfers of accounts, sell the real and personal property, cancel mortgage credits, securities and obligations constituted in favor of the dissolved partnership or make assignments thereof, represent it in and out of court, confer and revoke powers and agencies, and to do and transact whatever acts and business may be necessary to accomplish the liquidation entrusted thereto *without subject to any term.*"

On August 1, 1931, while the first afore-mentioned partnership was under liquidation and while its successor as such and as liquidator was being constituted, the mortgage loan was executed between José Sánchez García, predecessor of the succession appellant herein and the Mercantil B. Fernández Hermanos, Sucesores, *S. en C.*, appellee herein, by virtue of deed No. 132, before Notary Damián Monserrat Suro. (T. 70–76.)

On May 28, 1932, deed No. 93 for the dissolution of partnership (t. 23–24) was executed before Notary Damián Monserrat Suro. Said separate deed of dissolution was

made in order to substitute the interests of the deceased partner Cecilio Morán Rodríguez, by that of his widow, Inés García Mauricio, and the interests of the deceased partner Bernardo Fernández González by that of his widow Luisa Martínez Fernández Fresno and their children Eusebio, Társila, Constantino, Amalia, María Luisa, Bernarda, and María del Carmen Fernández Martínez, and to acquire the assets of José García Morán.

Deed No. 94 for the constitution of a mercantile partnership under the firm name B. Fernández y Hermanos, Sucesores, S. en C., was executed on May 31, 1932 before Notary Damián Monserrat Suro, for a two-year term starting May 1, 1932, on which date the prior contract shall take effect retroactively, and it shall expire April 31, 1934, it being extended upon its maturity for two more years, at the request of the two regular partners (t. 10–23). According to clause fifteen it was agreed: "The partners and components of this partnership are the only interested parties and owners of the assets, properties, shares, and rights *with responsibility for liabilities* of another partnership constituted by deed No. 147 of May 16, 1929 before the present notary, which appeared in the record also under the firm name of B. Fernández Hermanos, Sucesores, S. en C., and thus it appears from deed of dissolution No. 93 executed before the notary on May 28 of this year and José and Leonardo Méndez Fernández, José Antonio, María Luisa, José Angel, María del Rosario, María Mercedes Fernández Castrillón, José María Rodríguez Infanzón, Inés García Mauricio, and Luisa Martínez Fernández Fresno in their own rights and in behalf of their minor children Eusebio, Társila, Constantino, Amalia, María Luisa, Bernarda, and María del Carmen Fernández Martínez, designate as liquidator of the afore-mentioned dissolved mercantile partnership, the partnership constituted hereunder, bearing the same firm name of B. Fernández y Hermanos, Sucesores,

*S. en C.*, and they confer thereupon powers and authority in order that being represented by any one of its two managing partners or by its proxy, it may take possession of the properties of the dissolved partnership, administer them, *take charge of its assets and liabilities*, collect the credits and accounts in its favor and pay its debts, dispose of its stock, make transfers and conveyances of accounts and credits and chattels, sell the real and personal property, make assignments of mortgage credits, accept properties in payment of credits, cancel the mortgages and rights instituted in favor of the dissolved partnership, represent it in and out of court, confer and revoke powers and agencies, make agreements, contracts, settlements, and exercise all the acts which may accomplish the liquidation entrusted thereto and with which they are charged *without subject to any term. . . .*" (T. 20–21.)

This partnership, which is in turn successor and liquidator of the former ones, filed the mortgage summary foreclosure proceeding on July 1, 1934, the nullity of which is sought in the present action.

On May 17, 1937, deed No. 73 for the dissolution of mercantile partnership was executed before Notary Damián Monserrat Suro (t. 77–82). Said separate deed of dissolution was made to eliminate the interest by purchase of Inés García Mauricio and José María Rodríguez Infanzón. José and Leonardo Méndez Fernández were in charge of the liquidation of the partnership dissolved in this deed "and which under the same firm name was [*sic*] constituted (is constituted) by deed of this same date, empowering and authorizing said liquidators to dispose of its property, assignments of mortgage credits, to accept properties in payment of credits, to cancel the mortgages and rights constituted in favor of the dissolved partnership, to represent it in and out of court, to confer and revoke powers and agencies, make agreements, contracts, settlements, and

exercise all the acts which may accomplish the liquidation entrusted thereto and with which they are charged without subject to any term." (T. 80.)

On the same day, May 17, 1937, deed No. 74 for the constitution of the Sociedad Mercantil B. Fernández y Hermanos, Sucesores, *S. en C.* was executed before Notary Damián Monserrat Suro, for a two-year term commencing May 1, 1937, on which date the contract shall take effect retroactively until April 30, 1939. (T. 82–94.) The fifth clause establishes that the partnership has taken charge of the assets and liabilities of the partnership which has been dissolved under the same name. (T. 87.) The fourteenth clause establishes that: "The members composing this partnership are the only interested parties and owners of the assets, properties, shares, and rights bearing the responsibility of the liabilities of the other mercantile partnership *constituted by deed number ninety-four of May sixteen, nineteen hundred and twenty-nine* [*sic*] between (before) Notary Damián Monserrat Suro, which appeared in this entry, also under the firm name of B. Fernández y Hermanos, Sucesores, *S. en C.*" (T. 91) and the present partners "appoint as liquidator of the afore-mentioned dissolved partnership, the one constituted hereunder bearing the same firm name of B. Fernández y Hermanos, Sucesores, *S. en C.* and they confer thereupon powers and authorities in order that being represented by any one of the three managing partners or by its proxy, it shall take possession of the properties of the dissolved partnership, and administer them, take charge of its assets and liabilities, collect the credits and accounts in its favor and pay its debts . . . without subject to any term." (T. 92.)

On August 17, 1945, deed No. 43 for the dissolution and constitution of partnership was executed before Notary Luis E. Dubón, by virtue of which the mercantile partnership was declared dissolved, the term of which commenced

on May 17, 1937 and by virtue of different extensions expired on May 1, 1945. Said partial agreement of dissolution was made because of the death of Luisa Martínez Fernández Fresno on April 8, 1945, "who was succeeded by her children as her sole and universal heirs, to wit: Bernarda, María del Carmen, Eusebio, Társila, Amalia, Constantino, and María Luisa Fernández Martínez, the latter thus becoming owners of the interests corresponding to the above-mentioned deceased in the afore-mentioned partnership." (Tr. 174–175.) By virtue of the same deed the Mercantile partnership B. Fernández Hermanos, Sucesores, *S. en C.* was constituted, such being the name "that it shall use during its business," for the term of one year, starting May 1, 1945, on which date the present deed shall take effect retroactively. On clause (*p*) it is stated that "the partners composing this partnership are the only interested parties and owners of the assets, properties, shares and rights with responsibility of the liabilities of the other mercantile partnership constituted by deed No. 74 of May 17, 1937 before Notary Damián Monserrat and [*sic*] Simó (Suro), which appeared in this entry, also under the firm name of B. Fernández & Hnos., Sucesores, *S. en C.*, which has been dissolved by this deed, and the parties appoint as liquidator of the afore-mentioned dissolved partnership, the partnership constituted hereunder, bearing the same firm name of B. Fernández & Hnos., Sucesores, *S. en C.*, and they confer thereupon powers and authority in order that being represented by any one of the three managing partners or by its proxy, it may take possession of the property of the dissolved partnership and administer it, take charge of its assets and liabilities, collect the credits and accounts in its favor and pay its debts . . . without subject to any term." (T. 187–188.)

On April 30, 1946, deed No. 13 for dissolution and constitution of partnership was executed before Notary Luis E. Dubón. (T. 94–117.) Said partial agreement on dissolu-

tion was made because the special partners Constantino, Bernarda, María del Carmen, María Luisa, Társila, and Amalia Fernández Martínez, and José Ángel, María Luisa, María del Rosario, and María Mercedes Fernández Castrillón (t. 106), and later Eusebio Fernández Martínez (t. 108) were to be removed from the partnership. The new partnership constituted under the firm name of B. Fernández & Hermanos, Sucesores, *S. en C.*, would be in charge "of the liquidation of the partnership herein dissolved, and would substitute the same in all its rights, titles, interests, stocks, and shares or belongings of any kind or nature whatsoever corresponding or belonging to the dissolved partnership . . . conveying to the afore-mentioned new partnership . . . *all the assets and liabilities* corresponding to the partnership dissolved herein . . . (and) that it transact all the acts which may accomplish the liquidation entrusted thereto and with which they are charged *without subject to any term.*" (T. 103–104.)

On May 24, 1952 deed No. 14 for the dissolution and constitution of partnership (t. 46–70) was executed before Notary Luis E. Dubón. Said partial agreement on dissolution was made in order to subvert the retirement of special partner Eusebio Fernández Martínez from the partnership, who "could be removed from the partnership at the end of any one of the commercial years thereof, subsequent to the commercial year ending April 30, 1954." (T. 58.) It is an essential condition of the dissolution that there be transferred to the new partnership which under the firm name of B. Fernández & Hnos., Sucesores, *S. en C.*, is constituted by this same deed, the capital stock of which shall consist, in part, of the contributions made by the partners of the property, credits and money from the respective shares corresponding to them by virtue of the dissolution, "all the assets and liabilities which correspond to the partnership herein dissolved . . . conferring besides to the above-

mentioned new partnership ample powers and authority in order that . . . it may (acquire) possession of the property of the dissolved partnership and administer the same, so that it shall be in charge of its assets and liabilities, collect the credits and the debts in its favor and pay its debts . . . (and) to do and transact whatever acts may be necessary to accomplish the liquidation which is entrusted thereto and with which they are charged, *without subject to any term.*" (T. 53–55.)

This is the partnership, successor and liquidator of the other above-mentioned partnerships which is in force when on August 27, 1953, plaintiff-appellant succession appears before the Superior Court of Puerto Rico, San Juan Part, to request the nullity of the summary foreclosure proceeding object of this action.

From a mere examination of the deeds of dissolution and constitution of partnership to which we have referred, the trial court reached the conclusion that the latter was a different partnership and was not responsible for the actions of its predecessors in title, all under the firm name of B. Fernández & Hnos., Sucesores, *S. en C.* It could be accepted that since the constitution of the first partnership involved in this case, the one constituted by deed No. 200 of May 15, 1924, all the succeeding partnerships of the latter were charged by the partners to make the liquidation of the former ones, but it can not be accepted as a proved fact, not subject to controversy, that said liquidation actually took place. The very manner in which the deeds have been drawn up shows that the partners and owners responsible for the company's property attempted to establish an easy plan which could enable them to continue doing business under the same firm name, and with the same assets of the original partnership and with an indefinite process of liquidation, without subject to any terms, leading rather, to the liquidation of the capital accounts of the partners who were

retiring, than to the liquidation, as such, of the businesses of the former partnerships.

The liquidation of a mercantile partnership, as a juridical fact, differs from the mere pronouncement made by the partners that said partnership is under liquidation, when it appears from the deed of the new partnership constituted to act as liquidator, that the latter acquires all the assets and liabilities of the former one which is to be liquidated, and it also includes the property under liquidation in its new capital stock. I Gay de Montellá, *Tratado Práctico de Sociedades Mercantiles* 194, 2d par. (1947 ed., Casa Bosch). As a matter of fact, in this case the only thing that has been liquidated are the capital accounts of the partners who have retired but there is no evidence whatsoever to the effect that payments of all the other debts of the former dissolved partnership have been made and that the former business structures have disappeared.

■ The fact that an inventory of the assets and liabilities was made in order to ascertain whether the partnership had had any profit or loss, may not be held to have been the liquidation contemplated by § 147 of our Code of Commerce. *Joglar* v. *Reg. of Property*, 17 P.R.R. 263, 266 (Aldrey, 1911).

■ As a general rule and until we have before us the remaining facts in the present case, we must conclude, pursuant to the afore-mentioned citations of Gay de Montellá, that "dissolution not followed by liquidation may exist, because liquidation is not compulsory in certain cases as is the incorporation of the dissolved company or the assignment in bloc of the assets and liabilities of the company or the assignment of the shares or stock to another existing enterprise."

■ We do not believe that § 147 of the Code of Commerce may be invoked to preclude a creditor from collecting from the liquidating company, to which all the assets and liabilities of the former indebted partnership are trans-

ferred, unless a waiver to that effect has been previously obtained from the former creditor.  II Gay de Montellá, Code of Commerce 515 (1948 ed., Casa Editorial Bosch).

The summary judgment does not lie and it is therefore reversed and the case remanded for further proceedings not incompatible with this opinion.